UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DESHAWN HUTCHERSON,

    Plaintiff,

    v.                             CAUSE NO. 3:20-CV-710-JD-MGG

JACOB CORBIN,

    Defendant.

OPINION AND ORDER

Deshawn Hutcherson, a prisoner without a lawyer, is proceeding in this case "against Officer Jacob Corbin for using excessive force against him on December 20, 2019, in violation of the Eighth Amendment[.]" ECF 11 at 2. Officer Corbin filed a motion for summary judgment, arguing Hutcherson did not exhaust his administrative remedies before filing suit. ECF 51. Hutcherson filed a response, and Officer Corbin filed a reply. ECF 69, 72. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality

available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In his summary judgment motion, Officer Corbin argues Hutcherson did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a formal grievance regarding the conduct alleged in his complaint but never appealed the grievance after it was denied. ECF 52 at 6-7. Specifically, Officer Corbin provides evidence that Hutcherson submitted Grievance 110580 on December 27, 2019, complaining of Officer Corbin's use of excessive force. ECF 51-1 at 6; ECF 51-4. The grievance office denied Grievance 110580 on January 8, 2020. ECF 51-1 at 6; ECF 51-5. The prison's Grievance Specialist attests Hutcherson did not appeal the denial of Grievance 110580. ECF 51-1 at 6-7.

Hutcherson concedes he did not complete the appeal process for Grievance 110580, but argues the prison hindered his access to the appeal process by losing his grievance forms. ECF 69. Specifically, Hutcherson asserts the following facts: Hutcherson submitted a grievance response form to Lt. Murphy on January 11, 2020, disagreeing with the grievance office's denial of Grievance 110580 and requesting an appeal form. *Id.* at 2-5. Lt. Murphy lost the grievance response form and did not submit

3

it to the grievance office. *Id*. Hutcherson was therefore "never allowed an opportunity" to fill out an appeal form for Grievance 110580. *Id.* at 3-4. On February 1, 2020, Hutcherson submitted Grievance 111216, complaining that he had submitted a grievance response form to Lt. Murphy regarding the denial of Grievance 110580 and Lt. Murphy had lost the form. ECF 69-1 at 3. Hutcherson requested as relief that he be allowed to complete the grievance process for Grievance 110580. *Id.* On February 7, 2020, the grievance office denied Grievance 111216, stating Hutcherson's response to Grievance 110580 had not been received and he would not be sent an appeal form because the time to appeal had expired. *Id.* at 4. Thus, Hutcherson has provided evidence Lt. Murphy prevented him from timely appealing the denial of Grievance 110580 by failing to submit his grievance response form.

Officer Corbin replies that Hutcherson had numerous ways to submit his grievance response form after Grievance 110580 was denied but his "signed grievance response form necessary to receive his appeal was not returned to the grievance office." ECF 72 at 1-2. Officer Corbin also supplies a supplemental affidavit from the Grievance Specialist, who attests "grievance paperwork submitted by offenders through custody staff is consistently received by the grievance office without issues." ECF 72-1. However, Officer Corbin provides no evidence disputing Hutcherson's assertion that he submitted a grievance response form to Lt. Murphy and Lt. Murphy failed to submit the form to the grievance office, which prevented Hutcherson from timely appealing the denial of Grievance 110580. Thus, the undisputed facts show prison staff hindered

4

Hutcherson's ability to use the administrative process, thereby rendering his administrative remedies unavailable. *See Kaba*, 458 F.3d at 684.

For these reasons, the court DENIES Officer Corbin's summary judgment motion (ECF 51).

SO ORDERED ON: January 25, 2022

/ s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT