UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DESHAWN HUTCHERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JACOB CORBIN,<br><br>    Defendant. | CAUSE NO. 3:20-CV-710-MGG |

OPINION AND ORDER

Deshawn Hutcherson, a prisoner without a lawyer, is proceeding in this case "against Officer Jacob [Corban] for using excessive force against him on December 20, 2019, in violation of the Eighth Amendment." ECF 11 at 2. Officer Corban filed a motion for summary judgment, arguing he did not use excessive force against Hutcherson. ECF 146. Hutcherson filed a response and Officer Corban filed a reply. ECF 150, 158. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists,

the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id.* at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

The parties agree to the following facts: On December 20, 2019, a nurse came to Hutcherson's cell to administer medication to his cell mate. ECF 153 at 15. Hutcherson informed the nurse he was experiencing chest pains, sweatiness, and headaches. *Id.* at 17. The nurse responded she was busy passing out medication, but would return once she had finished. *Id.* After the nurse left, Hutcherson put his left arm through the cuff

2

port of his cell door to prevent prison staff from closing it while he waited for the nurse. *Id.* at 26-28; ECF 146-2 at 2. Officer Corban approached Hutcherson's cell and instructed him to remove his arm from the cuff port so the cuff port could be closed, but Hutcherson refused. ECF 146-2 at 2; ECF 153 at 24-25, 41. Officer Corban believed Hutcherson's refusal to remove his arm from his cuff port presented a serious safety risk and that it was his obligation to get Hutcherson's arm back in his cell and to close the cuff port. ECF 146-2 at 2. Officer Corban pushed the door of the cuff port to encourage Hutcherson to remove his arm and again told him to move his arm, but Hutcherson refused. *Id.* at 3. Officer Corban left Hutcherson's cell and went to a closet to get gloves because he anticipated he would need to make physical contact with Hutcherson. *Id.* Hutcherson believed Officer Corban was going to the closet to get mace, so he placed his laundry bag in front of his face. *Id.* at 3; ECF 153 at 32-33. Because neither party disputes these facts, the court accepts them as undisputed.

At this point, the parties' accounts differ. Hutcherson testified at his deposition that, once Officer Corban returned to his cell, he reached in to grab the laundry bag and struck him in the face before wrenching the laundry bag out of the cuff port. ECF 153 at 31. Officer Corban then grabbed Hutcherson's arm and attempted to break it by twisting it in different ways and slamming it into the cuff port. *Id.* Hutcherson was not able to withdraw his arm because it was stuck in the cuff port. *Id.* at 31-32. Officer Corban eventually left to get a sergeant, and Hutcherson removed his arm from the cuff port shortly after the sergeant arrived. *Id.* at 35-36.

3

Alternatively, Officer Corban attests that, once he returned to Hutcherson's cell, he pulled the laundry bag out of the cuff port but did not strike Hutcherson in the face. ECF 146-2 at 3. He then attempted to physically push Hutcherson's arm back into his cell, but Hutcherson resisted by tightening his arm muscles. *Id.* Officer Corban was unable to push Hutcherson's arm back into his cell, and eventually left to get a sergeant. *Id.* Officer Corban does not respond to Hutcherson's claim that he could not remove his arm because it was stuck in the cuff port.

Here, there are disputed material facts regarding whether Officer Corban used excessive force against Hutcherson. Specifically, a reasonable jury could credit Hutcherson's testimony and conclude that Officer Corban's alleged conduct of punching him in the face and repeatedly twisting, pulling, and slamming his arm while it was stuck in the cuff port was excessive force. While Officer Corban was entitled to use some force to remove Hutcherson's arm from the cuff port, a reasonable jury could conclude the force testified to by Hutcherson was excessive. Officer Corban argues any force used was *de minimis* because Hutcherson did not suffer any lasting injuries, but Hutcherson provides evidence he suffered a rotator cuff tear from the incident. ECF 150 at 14; ECF 150-1 at 7. Officer Corban also argues a video of the incident refutes Hutcherson's testimony (ECF 115), but the video does not clearly contradict any of Hutcherson's claims. Accordingly, because there are disputed material facts regarding whether the force used by Officer Corban was excessive, summary judgment must be denied. *See* Fed. R. Civ. P. 56(a); *Reinebold v. Bruce*, 18 F. 4th 922, 927 (7th Cir. 2021) ("A district court judge may not make credibility determinations, weigh the evidence, or

4

decide which inferences to draw from the facts when ruling on a motion for summary judgment") (quotations omitted). Moreover, these factual disputes prevent summary judgment on qualified immunity grounds. *See Smith v. Finkley*, 10 F.4th 725, 729 (7th Cir. 2021) (holding that where the "qualified immunity decision depends upon and cannot be separated from" factual disputes, "which are integral to the merits of [the plaintiff's] claim," summary judgment on qualified immunity grounds is inappropriate). Accordingly, summary judgment must be denied.

For these reasons, the court DENIES Officer Corban's motion for summary judgment (ECF 146).

SO ORDERED on May 5, 2023.

                                                   s/Michael G. Gotsch, Sr.
                                                   JUDGE
                                                   UNITED STATES DISTRICT COURT